**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000749
16-JUN-2021
07:53 AM
Dkt. 60 SO**

NO. CAAP-19-0000749

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
THEODORE BAUER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-19-00923)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Theodore Bauer (**Bauer**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on October 1, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Bauer was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2018).[2]

On appeal, Bauer contends there was insufficient evidence to convict him of OVUII.

---

[1]  The Honorable Harlan Y. Kimura presided.

[2]  HRS § 291E-61(a)(1) states:

> **§291E-61  Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bauer's point of error as follows:

Bauer contends there was insufficient evidence to convict him of OVUII because his testimony was credible and conflicting testimony of other witnesses was not credible or was biased.

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to support Bauer's conviction for OVUII.

"The credibility of a witness may be attacked by evidence of bias, interest, or motive."  Rule 609.1 of the Hawaii Rules of Evidence.  "As we have stated, the credibility of witnesses falls within the province of the trier of fact[.]" State v. Jenkins, 93 Hawaiʻi 87, 103, 997 P.2d 13, 29 (2000) (citation omitted).  In this case, the judge is the trier of fact in a non-jury trial.  State v. Sprattling, 99 Hawaiʻi 312, 322, 55 P.3d 276, 286 (2002) (citation omitted).  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).

The District Court found the testimony of Calvin Fong (**Fong**) and Casey Schneider (**Schneider**) credible and found Bauer's testimony was not credible.  Fong testified that on March 19, 2019, at approximately 10:48 p.m., he was in the crosswalk at Hobron Lane and Kaioʻo Drive when Bauer almost hit him while Bauer was driving a vehicle.  After Bauer almost hit him, they exchanged words and Fong followed Bauer to the Discovery Bay parking lot.  Fong testified that he knocked on Bauer's window and asked him, "What's going on, Brah?"  Bauer then exited his vehicle and lunged at Fong, so Fong called the police.  Fong had

a continuous view of Bauer from the encounter at the crosswalk to the parking lot.  Fong stated Bauer smelled like hard liquor when he exited his vehicle.  Fong testified the incident happened in the City and County of Honolulu, State of Hawaiʻi and Hobron is a public way, street, road, or highway.

Schneider testified that on March 19, 2019, at about 10:48 p.m., he was employed as an officer with the Honolulu Police Department and was on duty.[3]  When he arrived on the scene, Bauer stated to Schneider that he was driving on Hobron Lane, making a right turn onto Kaioʻo Drive, when he almost hit a pedestrian wearing all black, and then a verbal altercation occurred.  Bauer stated he then drove into the Discovery Bay loading dock area and Fong confronted him.  Schneider testified Hobron Lane is a public street in the City and County of Honolulu, State of Hawaiʻi.  Schneider smelled an odor of an alcoholic beverage coming from Bauer and noticed Bauer's eyes were red and glassy.  Bauer then agreed to participate in the standardized field sobriety tests.  Schneider testified that Bauer was not able to follow his instructions during the horizontal gaze nystagmus test and that Bauer had to be reminded twice not to move his head.  Schneider testified that he demonstrated the walk-and-turn test to Bauer and instructed Bauer to take nine steps forward, make a turn, and take nine steps back.  During the walk-and-turn test, Bauer stopped on steps eight and nine then asked if Schneider wanted him to turn.  Schneider told Bauer to complete the test.  Bauer walked to step seventeen and asked if Schneider wanted him to turn.  Schneider again told Bauer to continue the test until completed.  Bauer did not turn, and Schneider stopped Bauer after he took twenty-nine steps forward.  This was contrary to Schneider's instructions.  Schneider testified that during the one-leg stand test, Bauer hopped three times, raised his arm to shoulder height twice,

------

[3]  At the time of trial, Schneider was no longer an officer with the Honolulu Police Department.

swayed more than an inch, put his foot down, and only lifted his foot three inches, all contrary to the instructions.

Bauer testified he drank three beers on the night in question.  Bauer's testimony was that he had not been driving when he first encountered Fong.  Bauer testified that he had parked his vehicle at approximately 7:00 p.m. in the underground parking lot and attended a billiards league.  Bauer stated that after the billiards league, he called a ride-sharing service because he did not want to take a chance of driving under the influence and went to his car to retrieve items when he first encountered Fong in the parking lot.  Bauer stated that he saw Fong walk down the ramp into the parking lot screaming and yelling that Bauer had assaulted him and that Fong appeared insane or high on drugs.

The credibility of witnesses was significant in this case.  The District Court found Fong and Schneider's testimony to be credible.  On this record, there was substantial evidence Bauer operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on October 1, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 16, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Sara K. Haley,
Deputy Public Defender,           /s/ Katherine G. Leonard
for Defendant-Appellant.          Associate Judge

Brian R. Vincent                  /s/ Clyde J. Wadsworth
Deputy Prosecuting Attorney,      Associate Judge
for Plaintiff-Appellee.